UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-10001-MOORE

UNITED STATES OF AMERICA

v.

WILFREDO PENA SANTANA,

    Defendant.

_____/

## FACTUAL PROFFER

The United States and Wilfredo Pena Santana (the "Defendant") agree that the facts described below are sufficient to form a basis for the Defendant's knowing, voluntary, and intentional guilty plea to the charge of illegal reentry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b)(2). As such, the United States and the Defendant further agree that were this case to proceed to trial, the United States would prove the following facts, among others beyond a reasonable doubt:

The Defendant is not a United States citizen; he is a native and citizen of the Dominican Republic. On or about September 29, 2020, the Defendant was ordered removed by an immigration judge. The Defendant was physically removed from the United States on November 17, 2020. The Defendant's removal was contemporaneously recorded on forms, including a warrant of removal, bearing the Defendant's photograph, signature, and fingerprint. Further, the Defendant's removal followed the completion of a term of imprisonment which was 45 months long which resulted from a federal felony conviction in the District of Massachusetts.

On or about January 19, 2024, the Defendant reentered the United States by traveling on a vessel that had departed from the Bahamas. The vessel was spotted 19 nautical miles east of Elliot

Key, Florida, and law enforcement interdicted the vessel in Broad Creek, which straddles the border of Monroe and Miami-Dade Counties, in the territorial waters of the United States. The vessel had a total of twenty-eight (28) individuals on board, of which twenty-six (26)—including the Defendant—did not have authorization to enter the United States.

In a recorded, post-*Miranda* interview, the Defendant admitted to paying someone to bring him to the United States; to being a citizen of another country; to knowing that he had previously been subject to removal; and to knowing that he had no prior authorization or permission to reenter the United States.

Computer checks of all Department of Homeland Security databases confirmed that the Defendant did not have the express consent of the Attorney General or the Secretary of Homeland Security to apply for readmission to the United States at the time of his arrest. Records checks also confirmed that, on or about May 15, 2018, SANTANA was sentenced to forty-five (45) months of imprisonment for conspiracy to possess and possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 846, 841(b)(1)(C), and 841(a)(1). *See* Judgment, DE501, in *United States v. Cordero et al.*, No. 1:16-CR-10337 (D. Mass.).

[SPACE INTENTIONALLY LEFT BLANK]

The parties agree that the information contained in this proffer is not a complete recitation of all the facts and circumstances of this case but is sufficient to prove beyond a reasonable doubt a violation of Title 8, U.S.C. 1326(a) and (b)(2), as charged.

Date: 4/8/2024

By: _____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

MELISSA ROCA SHAW
SPECIAL ASSISTANT UNITED STATES ATTORNEY

Date: April 8, 2024

By: _____
RICARDO HERMIDA
COUNSEL FOR THE DEFENDANT

Date: 4-8-2024

By: X WP
WILFREDO PENA SANTANA
DEFENDANT

3